IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Lulu Barnes, | Case No. 3:08 CV 2090 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| City of Toledo, et al., | |
| Defendants. | |

**INTRODUCTION**

Plaintiff Lulu Barnes filed an Amended Complaint against the Toledo Police Department, Sergeant Daniel Raab, Officer Christopher Johnson, and the City of Toledo (Doc. No. 3). Plaintiff alleges Raab and Johnson violated her rights under the Fourth and Eighth Amendments of the United States Constitution, and committed the state law torts of assault, battery, and intentional infliction of emotional distress. Plaintiff also seeks to invoke the state law doctrine of respondeat superior against both the City of Toledo and the Toledo Police Department (TPD) as employers of Raab and Johnson.

The case was referred to United States Magistrate Judge Vernelis Armstrong (Doc. No. 4). Defendants filed a Motion for Summary Judgment (Doc. No. 26) and a Motion to Strike (Doc. No. 33). Plaintiff also filed a Motion to Strike (Doc. No. 39). Pursuant to 28 U.S.C. § 636(b)(1)(B), the Magistrate issued a Report and Recommendation (R&R) (Doc. No. 44) recommending this Court grant summary judgment in part, denying it as to Raab and Johnson's entitlement to immunity, and

reserving the excessive force claim for trial. The Magistrate also recommended this Court grant Defendants' Motion to Strike, and deny as moot Plaintiff's Motion to Strike.

Plaintiff and Defendants each objected to the R&R (Doc. Nos. 45 & 46). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981), and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings to which Plaintiff and Defendants object. For the following reasons, the Court finds all Objections not well taken and adopts the Magistrate's recommendations.

## BACKGROUND FACTS

Neither Plaintiff nor Defendants object to the Magistrate's recitation of the facts.[1] Therefore, the facts and procedural history as stated in the R&R are adopted in their entirety.

As a brief background, on September 3, 2007, several officers from TPD responded to a call of children and teenagers loitering in the middle of Greene Street in Toledo, Ohio. These youths were apparently attending a party hosted by Plaintiff at her home. Upon arriving, several officers, including Raab and Johnson, noticed a group of youths congregating in an alley. That group included Plaintiff's fourteen-year-old son. The officers instructed the youths to lie on the ground so that they could be temporarily detained. Instead of complying with the officers' orders, Plaintiff's son ran in the opposite direction, toward Plaintiff's home. After ordering the boy to stop, Raab chased Plaintiff's son into Plaintiff's backyard (Jewelliam Barnes Dep., pp. 10-11).

In the backyard, Raab caught Plaintiff's son, threw him into a fence, then slammed him into the ground (Lulu Barnes Dep., p. 69). Plaintiff's son was able to escape and run into Plaintiff's house

---

[1] Defendants do not agree that the facts are entirely accurate, but do agree that for purposes of a motion for summary judgment the facts must be considered in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Defendants also argue certain of these facts were first raised by Plaintiff in her reply brief and are contradicted by Plaintiff's deposition. These arguments are addressed below.

(Jewelliam Barnes Dep., p. 12). Raab and Johnson pursued Plaintiff's son and forcibly entered the backdoor of Plaintiff's residence, where they were able to restrain the boy by bending his neck and arm in a forcible manner (Jewelliam Barnes Dep., p. 13).

The events that followed are disputed by the parties. Plaintiff contends that neither Raab nor Johnson would answer her inquiries about their intrusion into her home or their use of force on her son. Plaintiff also alleges one of the officers proceeded to push her and spray her with mace (Lulu Barnes Dep., p. 9). Finally, Plaintiff alleges that after she had been handcuffed and subdued, lying on the floor, she was kneed in her sides and kicked by one of the Defendants (Lulu Barnes Dep., p. 72). This confrontation resulted in a fractured rib and several bruises (Lulu Barnes Dep., p. 59).

Defendants claim that while the officers were attempting to handcuff Plaintiff's son, Plaintiff repeatedly assaulted them.[2] Defendants also maintain that Plaintiff and several others blocked their exit from the premises (Affidavits of Raab and Johnson, Doc. No. 26, pp. 15-18).

### SUMMARY JUDGMENT STANDARD OF REVIEW

Pursuant to Federal Civil Rule 56(c), summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." *Id*. When considering a motion for summary judgment, the court must draw all inferences from the record in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court is not permitted to weigh the evidence or determine the truth of any matter in dispute; rather, the court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

---

[2] Plaintiff pleaded guilty to assaulting Raab at a criminal hearing (Lulu Barnes Dep., pp. 56-58). This plea would be admissible at this civil trial, and may call into question Plaintiff's credibility, but it does not conclusively affect Plaintiff's claim on summary judgment. Credibility determinations are for the jury. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

**DISCUSSION**

Plaintiff raises one objection to the R&R: the Magistrate erred by finding Plaintiff had not made a prima facie case against TPD and the City for failure to train. Defendants raise two objections to the R&R. First, Defendants argue the Magistrate erred by reserving for trial the issue of excessive force against Raab and Johnson. Second, Defendants argue the Magistrate erred in holding that Raab and Johnson are not entitled to immunity under Ohio law.

**Failure to Train**

Plaintiff argues the Magistrate erred by granting summary judgment on her *Monell* claim against the City and TPD. But the Amended Complaint does not plead a direct violation of Section 1983 against the City or TPD (Doc. No. 3). Instead, the Amended Complaint seeks to hold the City and TPD liable for actions of Raab and Johnson under respondeat superior (Doc. No. 3, ¶¶ 68-70). However, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *McQueen v. Beecher County Schools*, 433 F.3d 460, 471 (6th Cir. 2006) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Therefore, the Magistrate correctly found in favor of Defendants as to the claim against the City and TPD.

**Excessive Force**

Defendants argue that not until her reply brief (Doc. No. 35) did Plaintiff allege that she was kicked *after* she was handcuffed, and further that it was Raab who kicked her. Defendants argue that this allegation should not have been considered by the Magistrate because it was tardy, coming as it did in the reply brief.

4

Defendants are wrong. First, Plaintiff made the allegation in her Amended Complaint (Doc. No. 3, ¶ 35), and later testified at her deposition that she was kicked and kneed in the ribs while handcuffed on the floor in her house (Lulu Barnes Dep., pp. 26, 72-73).

Second, Defendants also incorrectly describe page 32 of Plaintiff's deposition. Plaintiff did not testify she was kicked by Raab:

> I think that all those people witnessed was **after I was handcuffed and brought out, they were, the officers were punching on me and beating on me, I think that's what those guys witnessed. And that wasn't officer Raab, that was another** -- now this guy, I know his face, it was a officer who was in the paddy wagon that had us all in it. My daughter is crying because the mace is burning, asking who has my baby, because I don't know who yelled out, drop that, and they said, this is a newborn, and the officer says, who gives a hoot, drop it anyway.

(emphasis added). Defendants take this testimony out of context. Plaintiff was answering questions about people on a witness list provided to Defendants -- what their involvement was and what they were in a position to have witnessed (Lulu Barnes Dep., pp. 30-32). After testifying that two men on the witness list were not inside the house when she and her son were arrested, but instead were outside the house, she made the above statement, which describes what they might have witnessed *after* she was escorted out of the house to the waiting police paddy wagon. Thus, this testimony does not contradict her reply brief that Raab did not kick or knee her while inside the house.

Defendants contend that even if the above allegations were properly raised, the Magistrate still should have recommended granting summary judgment on Plaintiff's excessive force claims against Raab and Johnson. Excessive force claims are analyzed under the Fourth Amendment's reasonableness standard; Plaintiff must show that the actions of Defendants were objectively unreasonable. *Scott v. Clay County*, 205 F.3d 867, 876 (6th Cir. 2000) (citing *Graham v. Connor*, 490 U.S. 386, 397 (1989)).

> [T]he question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

*Graham*, 490 U.S. at 396-97 (internal citation omitted). In assessing a constitutional excessive force claim, a court should consider the particular facts and circumstances, the severity of the crime, the threat posed by the suspect, and whether the suspect is "actively resisting arrest or attempting to evade arrest by flight." *Id*. at 396.

In this case, Plaintiff alleges she was kneed and kicked in the ribs after she was already handcuffed and subdued on the floor. The Sixth Circuit has repeatedly held that striking a subdued and handcuffed suspect can be deemed excessive. *See, e.g.*, *Phelps v. Coy*, 286 F.3d 295, 301-02 (6th Cir. 2002) (tackling and striking a handcuffed suspect is excessive force); *McDowell v. Rogers*, 863 F.2d 1302, 1307 (6th Cir. 1988) (breaking a restrained suspect's ribs by striking him with a night stick is excessive force).

Simply put, Plaintiff's allegations taken as true, as they must be on summary judgment, could lead a reasonable jury to conclude that Raab and Johnson used excessive force.

**Immunity under Ohio Law**

Defendants argue the Magistrate erred in finding Raab and Johnson were not entitled to immunity under Ohio Revised Code Section 24744.03(A)(6). That section states:

> [An] employee [of a political subdivision] is immune from liability unless one of the following applies:
>
> > (a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
> >
> > (b) The employee's acts or omissions were with *malicious purpose, in bad faith, or in a wanton or reckless manner*;

6

> (c) Civil liability is expressly imposed upon the employee by a section of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon an employee, because that section provides for a criminal penalty, because of a general authorization in that section that an employee may sue and be sued, or because the section uses the term "shall" in a provision pertaining to an employee.

In reviewing this statute, the Ohio Supreme Court has held while the standard for wanton misconduct is high "the issue of wanton misconduct is normally a jury question." *Fabrey v. McDonald Village Police Dep't*, 70 Ohio St. 3d 351, 356 (1994). In order to find wanton misconduct, "the actor must be conscious that his conduct will in all probability result in injury." *Id*.

Again, if all the evidence is considered in a light most favorable to Plaintiff, summary judgment is inappropriate because a reasonable jury could conclude that Defendants intended to cause harm to Plaintiff if she was kneed and kicked after she was controlled on the ground. *See Harris v. City of Circleville*, 583 F.3d 356, 370 (6th Cir. 2009) (denying Ohio state law immunity on summary judgment where the plaintiff alleged he was struck while handcuffed).

## CONCLUSION

Plaintiff's Objections (Doc. No. 46) and Defendants' Objections (Doc. No. 45) to the R&R are denied. The Court adopts the R&R, as modified, as the opinion of this Court. This matter is set for a Status Phone Conference on **Wednesday, March 31, 2010 at 3:00 p.m.**

IT IS SO ORDERED.

                              s/ *Jack Zouhary*
                              JACK ZOUHARY
                              U. S. DISTRICT JUDGE

March 29, 2010